## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDREW AYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: N19M-12-004 MAA |
| | ) | |
| DR. GARY L. COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

1. Plaintiff Andrew A. Ayers, an inmate at James T. Vaughn Correctional Center ("JTVCC"), filed a complaint in this action against Dr. Gary L. Collins, in his official capacity as the Chief Medical Examiner, Division of Forensic Science on December 4, 2019. In essence, Mr. Ayers sought to compel compliance with the Delaware Freedom of Information Act requiring Defendant to disclose public records pertaining to the death of his brother "Robert Knox" and post-mortem records.

2. Defendant never responded to the Complaint. The only real activity on the docket was Plaintiff's Motion for Appointment of Counsel, which the Court denied on December 14, 2020.

3. Then, on April 10, 2021, Robert Saunders, an inmate at JTVCC, informed the Court that Plaintiff Andrew A. Ayers had passed away. According to Mr. Saunders, Mr. Ayers passed away in an "outside hospital" on April 8, 2021. Mr. Saunders also indicated that Mr. Ayers' family requested that he "continue with this

1

case." On April 27, 2021, the State filed a suggestion of death pursuant to Superior Court Civil Rule 25(a).

4.  Although not styled as such, the Court will treat Mr. Saunders's April 10 motion as a motion for substitution of parties pursuant to Superior Court Civil Rule 25(a). Under Superior Court Civil Rule 25(a), if a party dies and the claim is not extinguished, the Court may order substitution of the proper parties.[1] The motion for substitution may be made by any party or the successors or representatives of the decedent party.[2] Once the suggestion of death is on the record, a motion for substitution must be made within 90 days or the action must be dismissed.[3]

5.  Decedent Plaintiff Ayers's claim is not extinguished. Delaware's survival statute provides that all causes of action, except actions for defamation, malicious prosecution, or upon penal statutes, survive a decedent.[4] Here, decedent Plaintiff's claim was not for defamation, malicious prosecution, or upon a penal statute. Thus, the claim survives the Plaintiff and is not automatically extinguished by his death.

---

[1] Super. Ct. Civ. R 25(a).

[2] *Id.*

[3] *Id.*

[4] 10 *Del. C.* § 3701.

2

6. Saunders, however, is not a proper party for substitution under Rule 25. Rule 25 limits proper parties for substitution to a party or the successors or representatives of the decedent's estate.[5] This Court, in *Dunning v. McCloskey*[6] clarified that the term "successors" includes distributees of a decedent's estate.[7] Delaware's survival statute states that surviving causes of action pass to and against the executors or administrators of the decedent.[8] Thus, executors and administrators of a decedent's estate may properly substitute as a party on behalf of the decedents as representatives.

7. Saunders has not provided any facts or indication that he is a successor, representative, administrator, or executor to Ayers's estate. Thus, he is not a proper party for substitution and the Motion for Substitution is denied.

**IT IS SO ORDERED**.

Dated: September 29, 2021

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**

cc:    Prothonotary
       Anna E. Currier, Esq. (by File&ServeXpress)

---

[5] Super. Ct. Civ. R 25(a); *Craft v. Vakili*, 1997 WL 913499 (Del. Super. Dec. 16, 1997).

[6] 2006 WL 1133568 (Del. Super. Mar. 15, 2006).

[7] *Id.* at 3.

[8] 10 *Del. C.* § 3701.